IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES GUY ARNOLD**,

   **Petitioner**,

v.                 Civil Case No. 3:01-cv-11

**C. MARK HOFFE, Probation Officer;**
**and the ATTORNEY GENERAL OF**
**THE STATE OF WEST VIRGINIA,**

   **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

This case was initiated as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on February 26, 2001. The case has twice been remanded from the Fourth Circuit Court of Appeals for further review. This case is now before the Court on the petitioner's Motion for Documents and the respondents' Motion to Dismiss the Case as Untimely, or in the Alternative, for the Failure to Exhaust State Court Remedies.

### I. Petitioner's Conviction and Sentence

In November 1998, petitioner was charged in Berkeley County, West Virginia with one count Forgery, one count Computer Fraud, and ten counts of Possession of a Counterfeit or Unauthorized Access Device with Intent to Defraud. Petitioner pled guilty to Counts 2 and 3 of the indictment on March 15, 1999, and the remaining ten counts were dismissed. That same day, petitioner was sentenced to two years imprisonment on Count 2 and five years imprisonment on Count 3, to run consecutively. However, the sentence on Count 3 was suspended in favor of five years probation upon petitioner's release from prison.

Petitioner's sentence on Count 2 expired on May 2, 1999. However, because he is currently

imprisoned by the State of Maryland on other charges, petitioner has yet to serve his 5-year suspended term of probation.

## II. Procedural History

### A. Direct Appeal

Petitioner did not appeal his conviction and sentence.

### B. Motion for Post Conviction Relief

On March 27, 2000, petitioner filed a "Memorandum of Law in Support of Motion for Post Conviction Relief" with the Circuit Court of Berkeley County.[1] In the memorandum, petitioner references a motion to dismiss filed by defense counsel that was not ruled upon, the "rule of lenity," and "distinguished authority." Petitioner requested that the court grant him an evidentiary or other hearing and expunge his conviction from the court's records. No action was taken by the state court with regard to petitioner's "memorandum."

### C. Motion for Error Coram Nobis

On May 26, 2000, petitioner filed a "Motion for Error Coram Nobis" in which he sought to have the indictment dismissed with prejudice on the grounds that the indictment:

(1) is vague;

(2) fails to apprise the defendant as to what he must meet at trial;

(3) fails to contain the essential elements of the offense;

(4) fails to provide the essential ingredients of the crime; and,

(5) fails to allege the facts of the crime.

The circuit court has never ruled on this motion.

---

[1] Petitioner alleges that he also submitted a "Motion for Post Conviction Relief" and that the motion was never docket by the circuit court.

**D.  State Petition for Writ of Habeas Corpus**

On September 29, 2000, petitioner filed a petition for writ of habeas corpus in the West Virginia Supreme Court of Appeals.  In his petition, the petitioner asserted the following grounds for relief:

(1) the indictment fails to set forth the essential factual allegations, fails to provide adequate notice of the elements of the offense, and fails to provide the essential ingredients of the crime charged;

(2) the court lacked jurisdiction;

(3) the statutes are unconstitutionally vague;

(4) the state failed to provide discovery;

(5) the court deprived petitioner of his right to a fair hearing when it failed to rule on pretrial motions; and,

(6) the indictment fails to charge an offense.

The Supreme Court refused the petition on January 25, 2001.

**E.  Petitioner's Federal Petition for Writ of Habeas Corpus**

The instant case was filed on February 26, 2001, asserting the following grounds for relief:

(1) the indictment failed to enumerate the essential elements of the offense;

(2) the Berkeley Court Circuit Court lacked jurisdiction over the offenses contained in the indictment;

(3) West Virginia Code §§ 61-3C-4 and 61-3C-13 are unconstitutionally vague;

(4) the prosecutor failed to disclose to the defendant "favorable" evidence;

(5) the trial judge denied him a fair hearing by failing or refusing to rule upon pretrial

motions; and,

      (6) the indictment failed to charge an offense.

### III. Timeliness of Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). Therefore, absent any state court post conviction proceeding that would have tolled the federal limitation period,[2] a petitioner, whose conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

Petitioner pled guilty and was sentenced on March 15, 1999. Because no appeal was taken, petitioner's conviction and sentence became final four months from that date or July 15, 1999.[3] Therefore, petitioner's one-year limitation period began running on July 16, 1999,[4] and absent any state court post conviction proceeding that would have tolled the federal limitation period,[5] petitioner had until July 16, 2000 to timely file his federal habeas petition.

Petitioner filed his memorandum in support of his motion for post conviction relief on March 27, 2000. However, absent any evidence that the state court ever received his actual "motion" for

---

[2] 28 U.S.C. § 2244(d)(2).

[3] See Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure (A petition for appeal "must be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of the circuit court order.").

[4] Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (the day of the event from which the statute of limitations begins to run is excluded in calculating the one-year period.

[5] 28 U.S.C. § 2244(d)(2).

4

post conviction relief, that document is insufficient to toll the one-year time limitation.

Petitioner filed his Motion for Error Coram Nobis on May 26, 2000. The respondents argue that such a motion was not "a properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore, the motion did not toll the one-year limitation period.[6] Specifically, the respondents argue that in West Virginia, the only statutory method for obtaining post-conviction or collateral review of a criminal conviction is through a petition for writ of habeas corpus ad subjiciendum. See W.Va. Code § 53-4A-1(a) (any person convicted of a crime who believes that his conviction resulted from a denial or infringement of his rights under the United States Constitution or the Constitution of the State of West Virginia, or both, or that the sentencing court was without jurisdiction to impose sentence, or believes his conviction and sentence is otherwise subject to attack, may file a petition for writ of habeas corpus ad subjiciendum). Moreover, the respondents assert that petitioner cannot now avail himself of this relief because he is no longer incarcerated. See Motion to Dismiss (Doc. 35) at 7. If the respondents are correct, then the instant petition is untimely.[7]

Nevertheless, the respondents concede that at least three West Virginia state cases have noted that although *coram nobis* has been abolished in civil cases, "it may still be available in a post-conviction context when the petitioner is not incarcerated." See Id. (citing State ex rel. Richey v.

---

[6] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

[7] As previously noted, petitioner's conviction and sentence became final on July 15, 1999, and petitioner had until July 16, 2000 to file his federal habeas petition. Petitioner did not file his state habeas corpus with the West Virginia Supreme Court of Appeals until September 29, 2000, more than 2 months after the one-year time limited expired. Thus, the only possible state proceeding that could have tolled petitioner's one-year time limit was the motion for writ of error coram nobis filed on May 26, 2000.

5

Hill, 603 S.E.2d 177, 184 n. 10 (W.Va. 2004); Kemp v. State, 506 S.E.2d 38, 39 n. 4 (W.Va. 1997); State v. Eddie "Tosh" K., 460 S.E.2d 489, 498 n.10 (W.Va. 1995)). However, the respondent contends that such statements are "mere dicta" and were based on cases of the United States Supreme Court that involved federal prisoners for whom *coram nobis* is still available under 28 U.S.C. § 1651. Id. (citing James v. United States, 459 U.S. 1044, 1046-47 (1982); United States v. Mayer, 235 U.S. 55, 69 (1914)). Additionally, the respondents argue that Richey recognizes that *coram nobis* is "of limited scope" because it does not reach "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." Id. (citing Richey, 603 S.E. 2d at 184 n. 10).

Finally, the respondents assert that the West Virginia Supreme Court has found that petitions for writ of error coram nobis are not "separate and collateral cases such as habeas corpus." Miller v. Boles, 248 F.Supp. 49, 58 n. 46 (N.D.W.V. 1965), *overruled on other grounds*, Sheftic v. Boles, 377 F.2d 423 (4th Cir. 1967). Rather, "[t]hey attach to the former case and become a continuing part thereof." Id. Thus, a writ of error coram nobis cannot toll the one-year limitation period because "[g]enerally, the term 'collateral review' refers to a proceeding separate and distinct from that in which the original judgment was rendered, and in which the petitioner challenges the legality of the original judgment." Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001) (citing Black's Law Dictionary (7th ed., 1999)).

## IV. Exhaustion of State Remedies

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his

claims to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). This means that the courts of the state must be given the opportunity to consider the petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277 (1971). Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court. Matthews, 105 F.3d at 911. The petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits. See Baldwin v. Reese, 541 U.S. 27, 32 (2004). A full and fair opportunity involves the proper presentation, and substance of, the federal constitutional claim. Castille, 489 U.S. at 351; Matthews, 105 F.3d at 911. Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies.

In West Virginia, the exhaustion of state remedies is accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D.W.Va. 1993). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, petitioner did not file a direct appeal. Therefore, the only way in which petitioner could have exhausted his state court remedies is through a motion for post-conviction relief and an appeal of the denial of that motion. Petitioner raised some of his claims in his motion for error coram nobis. However, that motion has never been ruled on by the state court. Petitioner filed the remainder of his claims in his state habeas petition in an original proceeding with the West Virginia

Supreme Court of Appeals. The Supreme Court of Appeals refused petitioners' state habeas petition.

In the motion to dismiss, the respondents argue that none of petitioner's claims have been properly presented to the state's highest court for adjudication. Motion to Dismiss (Doc. 35) at 10. Specifically, the respondents assert that petitioner's motion for error coram nobis is still pending and that his filing of <u>an original jurisdiction habeas corpus petition</u> in the West Virginia Supreme Court of Appeals does not meet the exhaustion requirements of § 2254(b) because the Court did not address the merits of the petition. <u>Id.</u> (citing <u>Meadows v. Legursky</u>, 904 F.2d 903, 908-909 (4th Cir. 1990)). Moreover, the respondent argues that summary dismissal of an original jurisdiction petition to the West Virginia Supreme Court of Appeals does not exhaust state remedies unless it is accompanied by a notation that the refusal is without prejudice. <u>Moore v. Kirby</u>, 879 F.Supp. at 593 (citing <u>McDaniel v. Holland</u>, 631 F.Supp. 1544 (S.D.W.Va. 1986)). Since the Supreme Court's order refusing original jurisdiction of petitioner's state habeas petition does not indicate it is with prejudice, petitioner has failed to exhaust his state court remedies.

## **V. Analysis**

Assuming <u>arguendo</u>, that petitioner's writ of error coram nobis was properly filed so as to toll the one-year limitation period, thereby making the instant petition timely, petitioner is not entitled to relief in this court at this time because the issues raised in this case are currently pending before the state court. As of the date the instant case was filed, the state court has failed to take any action on petitioners' Motion for Error Coram Nobis. Therefore, petitioner still has an available remedy in state court and his claims are not yet exhausted.

Whether or not *coram nobis* relief is available to petitioner in state court is an issue for the

8

State to decide. Moreover, should the state court find that *coram nobis* is not a proper avenue for relief, it is possible, considering petitioners' *pro se* status, that the court will convert petitioners' motion for error of coram nobis into a proper post-conviction proceeding. If such were the case, there would be an impact on the timeliness of the instant case. Therefore, the appropriate course of action at this time would be to dismiss the instant case without prejudice to allow petitioner to pursue his available state court remedies.

## VI. Recommendation

For the reasons set forth in this Order, it is respectfully recommended that the Respondents Motion to Dismiss as Untimely, or in the Alternative, for Failure to Exhaust State Court Remedies (Doc. 35) be GRANTED to the extent that the petition be DISMISSED without prejudice for the failure to exhaust administrative remedies. In light of this recommendation, the petitioner's Motion for Documents (Doc. 26) should be DENIED as moot.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[8]

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

---

[8] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

DATED: January 11, 2006

        /s/ James E. Seibert
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE